```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**JAMES HUMPHREYS,**

                **Petitioner,**

        **v.**                                 **CASE NO. 12-3088-RDR**

**C. MAYE,**
**et al.,**

                **Respondents.**

### O R D E R

This pro se petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2241, by an inmate of the United States Penitentiary, Leavenworth, Kansas. The court finds that it lacks jurisdiction over petitioner's claims and dismisses this petition without prejudice.

The statutory fee for filing a habeas corpus petition is $5.00. Petitioner has neither paid the fee nor submitted a motion to proceed in forma pauperis (IFP). He ordinarily would be required to satisfy the filing fee in one of these two ways. However, since the court dismisses the petition for lack of jurisdiction, it grants provisional leave for that sole purpose.

Mr. Humphreys claims that he is being illegally incarcerated and moves the court for a reduction in his federal sentence. His allegations indicate the following factual background. "Years before" his federal charges, petitioner was convicted of aggravated battery and armed robbery and committed to the custody of the Illinois Department of Corrections (IDOC). Upon completion of his Illinois sentences, he received letters from the IDOC informing him that his civil rights were restored. He was convicted in federal court of Ex Felon in Possession of Firearm under 18 U.S.C. §

922(g)(1). He is currently serving his federal sentence with a projected release date of October 22, 2017, and a maximum discharge date of October 29, 2019.

Petitioner asserts that he is entitled to a reduction in his federal sentence "on the grounds that Armed Career Offender Provision 18 U.S.C. §§ 921(a)(2), 924(e) is no longer applicable because his state convictions have since been expired" and his civil rights were restored. He cites *Buchmeier v. U.S.*, 581 F.3d 561, 566 (7th Cir. 2009). *Cf., U.S. v. Burns*, 934 F.2d 1157, 1159 (10th Cir. 1991)(Despite receiving a restoration of civil rights certification after serving prior sentences, an individual may be charged under section 922(g) if he could not legally possess a firearm under the law in the state in which he was previously convicted.). Petitioner argues that since he received letters from the IDOC stating that his civil rights were restored, he had a lawful right to possess firearms. He also argues that "convictions expunged subsequent to the federal sentencing" are not to be considered convictions by the court in determining criminal history, and reasons therefrom that his "expired" state convictions should not have been used to enhance his federal sentence.

The two cases cited herein, which reach different results, were rulings made on appeal of denial of a criminal defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner's claims are clearly challenges to his federal sentence. 28 U.S.C. § 2255 pertinently provides:

> A prisoner in custody under sentence of a (federal) court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack, may move the court

>     which imposed the sentence to vacate, set aside or correct
>     the sentence.

Id. That section further provides:

>     An application for writ of habeas corpus in behalf of a
>     prisoner who is authorized to apply for relief by motion
>     pursuant to this section, shall not be entertained if it
>     appears that the applicant has failed to apply for relief,
>     by motion, to the court which sentenced him . . . . unless
>     it also appears that the remedy by motion is inadequate or
>     ineffective to test the legality of his detention.

Id. A motion under § 2255 must be filed in the district that imposed sentence, and is the "exclusive remedy" for challenging a sentence unless there is a showing that the remedy is inadequate or ineffective.[1] *See* 28 U.S.C. § 2255; *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000).

A § 2241 petition has a distinct purpose from a § 2255 motion. The § 2241 petition attacks the execution of a sentence rather than its validity. The § 2241 petition "is not an additional, alternative, or supplemental remedy to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963)(per curiam), *cert. denied*, 377 U.S. 980 (1964). The § 2255 remedy is inadequate or ineffective only in "extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999). The fact that the petitioner's § 2255 motion may be denied on statute of limitations grounds is not such a circumstance. *Haugh*, 210 F.3d at 1150. Nor does an erroneous prior decision on a § 2255 motion by the sentencing court

---

[1] On page 3 of his Petition, Mr. Humphreys states that he "moves said court whom imposed the sentence to vacate, set aside or correct his sentence." However, there is no record indicating that Mr. Humphreys was sentenced in this federal judicial district. The court takes judicial notice of *U.S. v. Humphreys*, 03-cr-00480-1 (N.D. Ill. June 28, 2005), where Mr. Humphreys was convicted under 18 U.S.C. 922(g). Petitioner's proper remedy for his claim is to file a § 2255 motion in the sentencing court.

render the § 2255 remedy ineffective.  *See Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010).   Petitioner alleges no facts or circumstances that would entitle him to review of challenges to his sentence by a different federal district court under § 2241.  Accordingly, this court finds that it does not have jurisdiction to hear petitioner's challenges to the legality of his sentence.  *Haugh*, 210 F.3d at 1150.

The court declines to transfer this action to the sentencing court for several reasons including that petitioner has not provided the name or location of the court in which he was sentenced.  However, the dismissal of this action is without prejudice to petitioner's filing a motion in the appropriate federal court.

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner is granted provisional leave to proceed in forma pauperis for the sole purpose of dismissal of this action.

**IT IS FURTHER ORDERED** that this action is dismissed and all relief is denied, without prejudice.

**DATED:  This 7th day of June,  2012, at Topeka, Kansas.**

<u>s/RICHARD D. ROGERS</u>
**United States District Judge**